UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SECURED PARTY CHARLES HECKLER,                    ORDER
                                                  07 CV 115 (GBD)(MHD)
                              Plaintiff,

          -against-

DWAYNE MONTGOMERY,

                              Defendant.
------------------------------------------------------------------x
GEORGE B. DANIELS, District Judge:

   *Pro se* plaintiff Charles Heckler commenced this action challenging the legality of his arrest, as an unlicensed vendor, and the seizure of his property. Plaintiff named the Deputy Inspector of the 28th Precinct as the sole defendant. Both plaintiff and defendant moved, pursuant to Fed.R.Civ.P. 56(e), for summary judgment. The matter was referred to Magistrate Judge Michael H. Dolinger for a Report and Recommendation ("Report.").

   Magistrate Judge Dolinger recommended that plaintiff's motion be denied and defendant's motion be granted. The magistrate judge found that defendant had no personal involvement in plaintiff's arrest or the temporary detention of his property. He further found that "the record is devoid of any legal basis on which to hold defendant liable for the conduct of the officers who arrested plaintiff." (Report at 8). In his Report, Magistrate Judge Dolinger informed the parties of their right to submit objections to the Report, and he advised them that failure to file timely objections to the Report may constitute a waiver of those objections.

   The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made. Id.; Rivera v. Barnhart, 423 F.Supp.2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate

judge with instructions. See, Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b)(1). When no objections to a Report are made, the Court may adopt the Report if there is no clear error on the face of the record. Adee Motor Cars, LLC v. Amato, 388 F.Supp.2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

Plaintiff filed objections. Since plaintiff is proceeding *pro se*, his objections, as well as his other pleadings, are to be liberally construed and interpreted to raise the strongest argument they suggest. See, Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Plaintiff objects to the Report in its entirety. He argues that the violation of his rights should be considered a breach of contract. He claims that the magistrate judge failed to afford him the rights and protections guaranteed by the Uniform Commercial Code.

The Court has considered plaintiff's objections and find them to be without merit. The Court has examined the Report and finds the record is not facially erroneous. Magistrate Judge Dolinger's recommendation to grant defendant's motion for summary judgment is, therefore, adopted.

Accordingly, plaintiff's motion for summary judgment is denied. Defendant's motion for summary judgment is granted and the complaint is dismissed. Although plaintiff paid the requisite filing fee to bring this action, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith. See, Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is directed to close this case.

Dated: New York, New York
June 17, 2008

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

2